# COVER SHEET
## Civil Case Filing Form
### *(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|
| **5 1** County # | **8** Judicial District | **CI** Court ID (CH, CI, CO) | **2 0 1 8** | **C V 0 3 0** |
| | | | | **N W M D** Local Docket ID |

| **0 2 1 2 1 8** | | |
|---|---|---|
| Month | Date | Year |

This area to be completed by clerk

Mississippi Supreme Court
Administrative Office of Courts
Form AOC/01 (Rev 2016)

Case Number if filed prior to 1/1/94

In the **CIRCUIT** Court of **NEWTON** County — Judicial District

## Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual** Aycox (Last Name) Kevin (First Name) Maiden Name, if applicable  M (M.I.)  Jr/Sr/III/IV

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

**Business**
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

Address of Plaintiff  450 Harrison Rd., Newton MS 39345

Attorney (Name & Address)  Joel Dillard, 775 N. Congress St., Jackson MS 39202    MS Bar No. 104202

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: _____

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual** Gutherz (Last Name) Christy (First Name) Maiden Name, if applicable  M.I.  Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

**Business** Mississippi Department of Corrections
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

Attorney (Name & Address) - If Known    MS Bar No.

## Nature of Suit (Place an "X" in one box only)

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

### Domestic Relations
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce: Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other

### Appeals
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other

### Business/Commercial
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other

### Probate
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Voluntary)

### Children/Minors - Non-Domestic
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other

### Civil Rights
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [X] Other USERRA

### Contract
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other

### Statutes/Rules
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other

### Real Property
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other

### Torts
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death

STATE OF MISS. NEWTON CO.
CERTIFIED A TRUE COPY

MAR 15 2018

MICHAEL L. BUTLER, CIRCUIT CLERK

BY _____ D.C.

FEB 12 2018

MICHAEL L. BUTLER, CIRCUIT CLERK

BY _____ D.C.

**EXHIBIT B**

# IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSISSIPPI
## DISTRICT EIGHT

Kevin Michael Aycox,                                                  **PLAINTIFF;**

v.                                                  Case No. 18-CV-D3D-NWMD

Mississippi Department of Corrections,
Christy Gutherz

                                                                      **DEFENDANTS.**

---

## MOTION FOR WAIVER OF COURT FEES AND COSTS

COMES NOW THE PLAINTIFF and moves that this court accept the accompanying complaint without requiring payment of any court fees or other costs. This is a lawsuit under the federal Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Federal law states explicitly that plaintiffs in USERRA cases cannot be required by the court to pay any fees or costs: **"No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."** 38 U.S.C. § 4323(h)(1). *See also Gross v. PPG Industries, Inc.*, 636 F. 3d 884, 892-93 (7th Cir. 2011).

For these reasons, this Court must accept this Complaint without charging any court fee or costs.

Respectfully submitted,

_____ Date: 2-12-18
Joel F. Dillard, Esq. (MS Bar 104202)
Joel F. Dillard, PA
775 N. Congress St.
Jackson MS 39202
Ph: 601-487-7369
Email: joel@joeldillard.com
*Counsel for Plaintiff*

STATE OF MISS., NEWTON CO.
**CERTIFIED A TRUE COPY**

MAR 15 2018

MICHAEL L. BUTLER, CIRCUIT CLERK
BY _____ D.C.

F I L E D

FEB 12 2018

TIME: _____
MICHAEL L. BUTLER, CIRCUIT CLERK
BY _____ D.C.

**EXHIBIT B**

## IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSISSIPPI
## DISTRICT EIGHT

**Kevin Michael Aycox,**                                    **PLAINTIFF;**

v.                                        Case No. 18-CV-030-NWMD

**Mississippi Department of Corrections,**

**Christy Gutherz**                                       **DEFENDANTS.**

**(JURY TRIAL DEMANDED)**

### COMPLAINT

Plaintiff K. Michael Aycox took leave from his job at the Defendant Mississippi

Department of Corrections ("MDOC") in order to render service to this country in the

military. After four years, he tried to resume working for MDOC. MDOC unlawfully

delayed his reemployment, failed to fully reemploy him, and, since his return, has

subjected him to an ongoing course of retaliation and harassment for asserting his rights

under the Uniformed Services Employment and Reemployment Rights Act of 1994

("USERRA"), 38 U.S.C. §§ 4301-4334 and Miss. Code Ann. §§ 33-1-19 and 21. In support

thereof, COMES NOW THE PLAINTIFF, by and through his attorney, and alleges as

follows:

### JURISDICTION, VENUE, JURY TRIAL, MTCA, USERRA COSTS

1.  Jurisdiction is proper in this court under 38 U.S.C. § 4323(b)(2) because this is a

"an action against a State (as an employer) by a person," and the Circuit Court is a

"State court of competent jurisdiction."

2.  Venue is proper because this is a judicial district in which Defendant MDOC is

located, and is the district where Plaintiff.

3.  Plaintiff hereby demands trial by jury on all issues so triable.

STATE OF MISS., NEWTON CO.
CERTIFIED A TRUE COPY

MAR 15 2018

MICHAEL L. BUTLER, CIRCUIT CLERK
BY_____ D.C.

**F I L E D**

TIME:
FEB 12 2018
MICHAEL L. BUTLER, CIRCUIT CLERK
BY_____ D.C.

**EXHIBIT B**

4. The Mississippi Tort Claims Act is not applicable to USERRA. To the extent it is applicable to other claims, notice was given as required by Miss. Code 11-46-11 more than 90 days before this Complaint was filed. (Exhibit 1 – MTCA letter)

5. Under federal law, this Court is required to accept this Complaint under USERRA *without* the payment of any of the usual court fees or costs. 38 U.S.C. § 4323(h)(1).

## PARTIES

6. K. Michael Aycox is an adult resident of Newton County, Mississippi, and a military service veteran.

7. The Mississippi Department of Corrections is a subdivision of the government of the State of Mississippi, and the employer of Mr. Aycox.

8. Christy Gutherz is the Deputy Commissioner of the Mississippi Department of Corrections and, on information and belief, is the individual responsible for the violations alleged herein.

## FACTS

9. Mr. Aycox was first hired by the Defendant in May 2011 as a probation and parole officer working for the 16th District Drug Court (Oktibbeha).

10. This job is a permanent civil service position with due process and just cause protections administered by the Mississippi Civil Service Commission.

11. On or about August 2013, Mr. Aycox went on leave from MDOC in order to serve in the military.

12. Mr. Aycox gave notice that he was going to serve in the military before going on leave from MDOC.

13. Mr. Aycox enlisted as a seaman in the Navy. After a series of rapid promotions, he was honorably discharged as a Petty Officer Second Class, Master at Arms.

Page 2 of 12

EXHIBIT B

14. Prior to his formal discharge, however, he participated in the "transition assistance program" (TAPS) administered by the military. This includes taking a series of courses designed to ease the transition into civilian life.

15. "Terminal leave" is another program in which the Navy facilitates the reentry of personnel into the civilian population by giving them additional leave time in order to participate in TAPS and to hunt for jobs. This ensures a seamless transition into the workforce. The purpose is to allow the servicemember to get a civilian job while still on their terminal leave, so that there is no gap between military and civilian employment.

16. While taking "terminal leave," the servicemember is available to begin work in the civilian workforce.

17. On or about February 2017, Mr. Aycox entered the "TAPS" and "terminal leave" programs with the Navy.

18. Mr. Aycox gave timely notice to Defendants in February 2017 that he was leaving the military and was available to return to work. He invoked his rights to reemployment under USERRA. See 38 U.S. Code § 4312(e).

19. On February 21, 2017, Mr. Aycox received a call back from personnel for the MDOC concerning his status.

20. Mr. Aycox's request was otherwise ignored, and no job offer was made at that time.

21. On or about May 2017, Mr. Aycox consulted with an attorney, who thereafter provided correspondence to MDOC, notifying it of the violation of USERRA.

22. On June 5, 2017, Mr. Aycox ran out of terminal leave, and was honorably discharged from the military.

EXHIBIT B

23. On June 7, 2017, in response to the letter from Mr. Aycox's attorney, MDOC employee Jaunita Barbour requested DD214 and supporting documents from Mr. Aycox concerning his military service. Again, no job offer was made at that time.

24. Finally, in August 2017, MDOC hired Mr. Aycox as a probation and parole agent.

25. However, his new position was "temporary" - a non-state-service, grant-funded position - and so he still has not had his property rights in his employment (including due process and just cause rights) restored.

26. In order to return to work for MDOC, Mr. Aycox was compelled to sign an agreement recognizing his alleged lack of due process rights.

27. In addition, the Defendants asked Plaintiff to engage in a series of trainings as if he were a new hire, including the New Hire Orientation and the New Hire Academy.

28. Defendants also required Plaintiff to pay out of pocket for a physical, polygraph, and psychological evaluation administered by the State, as if he were a new hire.

29. Again, at the time of his initial hiring in 2011, Mr. Aycox had completed everything required of a new hire at that time.

30. USERRA requires restoring him to his position as if he had never left, and treating him as a "new hire" violates USERRA.

31. Plaintiff notified Defendants of this, and they continued to insist that their actions were appropriate.

32. Plaintiff complained again, this time to the U.S. Department of Labor.

33. The U.S. Department of Labor found that the Defendants had violated his USERRA reemployment rights by treating him as a new hire.

34. In response, Christy Gutherz was defiant, and was described by the DOL investigator as "beligerent" and "holding a grudge."

EXHIBIT B

35. DOL ultimately instructed her that they would refer the matter for enforcement action against MDOC. It was only at that point that Ms. Gutherz relented concerning the unnecessary training.

36. In addition, despite repeated requests, Mr. Aycox has not been given "the additional seniority and rights and benefits that [he] would have attained if [he] had remained continuously employed." 38 U.S.C. § 4316.

37. MDOC delayed compensating him at the "Agent 3" rate despite the fact that he would have been at that rate had his employment not been interrupted by protected military leave.

38. He has been denied annual leave to which he is entitled. Under the law, he should have accrued leave as though he had been continuously employed.

39. His retirement was unlawfully penalized for his absence. Section 4318 of USERRA deals with this explicitly. It provides that he "shall be treated as not having incurred a break in service with the employer." 4318 (a)(2)(A).

40. Currently, as far as Plaintiff is aware, PERS records do show a break in service.

41. The law provides that his period of service must "be deemed to constitute service with the employer or employers maintaining the plan... for the purpose of determining the accrual of benefits under the plan." 4318 (a)(2)(B). In addition, the calculation must assume he received pay increases that were given to others during this time. 4318(b)(3)(A).

42. Currently, as far as Plaintiff is aware, PERS records do not include credit for his years in the military in any amount, and do not account for interim pay increases given to comparable other employees during his leave.

EXHIBIT B

43. The law provides that MDOC is "liable to an employee pension benefit plan for funding any obligation of the plan to provide the benefits described . . . and shall allocate the amount of any employer contribution for the person in the same manner and to the same extent the allocation occurs for other employees during the period of service." 4318(b)(1).

44. Currently, PERS does not reflect any employer contributions attributable to this period.

45. The law provides that MDOC must give Mr. Aycox the opportunity to pay back employee contributions gradually, "during the period [of five years] beginning with the date of reemployment."

46. Mr. Aycox has not been provided any notice of this obligation, or any method by which he can make these contributions.

47. Mr. Aycox pointed out these violations to the Defendants in a letter in November of 2017, and in previous correspondence.

48. Rather than simply cure them, the Defendants offered to partially cure these matters *conditioned on Plaintiff signing a release*.

49. As such, the Defendants have unlawfully and willfully refused to unconditionally cure their violations, and the damages are subject to doubling under 4323(d)(1)(C) as "liquidated damages." The statute is quite clear that "A State shall be subject to the same remedies, including prejudgment interest, as may be imposed upon any private employer under this section." 4323(d)(3).

50. Meanwhile, Mr. Aycox has been subject to a host of harassing and retaliatory actions by his supervisors and management of the Defendants for his asserting his USERRA rights.

EXHIBIT B

51. Among other things, MDOC has refused to provide Mr. Aycox with secondary equipment (even though he is certified) because he "had not been through the academy" like a new hire.

52. MDOC has ignored his requests to join the state SRT team, and done so without explanation, despite the fact that he would have been given the opportunity to join the team had he not been on military leave.

53. MDOC has switched Plaintiff's partner and subordinate to inferior vehicles with the stated justification that it is "because we can."

54. MDOC has repeatedly asked him if he is leaving the job or not, in the process hinting that he ought to be leaving.

55. Mr. Aycox has applied for senior positions and expressed an interest in promotion, and MDOC has done nothing, despite the fact that he would likely have achieved such promotion had he been continuously employed, rather than on military leave.

56. At this point, the harassment has reached such a pitch that it has created a hostile work environment for the Plaintiff.

57. Plaintiff is also entitled to payment by MDOC of his "reasonable attorney fees, expert witness fees, and other litigation expenses." 4323(h)(2).

## CAUSES OF ACTION

### COUNT 1: Miss Code Ann. 33-1-19

58. All previous paragraphs of this complaint are hereby incorporated by reference.

59. Under Miss. Code Ann. 33-1-19, a person "in the employ of any employer" - including MDOC - "shall be entitled to be restored to his previous or a similar

Page 7 of 12

EXHIBIT B

position, in the same status, pay and seniority, and such period of absence for military duty or training shall be construed as an absence with leave but may be without pay."

60. Defendants violated this provision of the law by unduly delaying Mr. Aycox's reemployment.

61. Defendants violated this provision by refusing to restore his to a "similar position," because his current position does not convey a property interest in his job, and lacks due process and just cause rights.

62. Defendants violated this provision by otherwise failing to restore him to his position as if he were on leave without pay.

63. Defendants violated this provision by retaliating against Plaintiff for exercising his rights under this statute.

64. Defendants violated this provision as otherwise described in this Complaint.

**COUNT 2: Miss Code Ann. 33-1-21**

65. All previous paragraphs of this complaint are hereby incorporated by reference.

66. Under State law, Miss. Code Ann. 33-1-21, "All officers and employees of any department, agency, or institution of the State of Mississippi" in the military service are "entitled to leave of absence from their respective duties, without loss of pay, time, annual leave, or efficiency rating."

67. Defendants violated this provision of the law by unduly delaying Mr. Aycox's return to work.

EXHIBIT B

68. Defendants violated this provision by refusing to restore him to a "without loss of pay, time, annual leave, or efficiency rating" because his current position does not convey a property interest in his job, and lacks due process and just cause rights.

69. Defendants violated this provision by otherwise failing to restore him to his position as if he were on leave of absence.

70. Defendants violated this provision by retaliating against Plaintiff for exercising his rights under this statute.

71. Defendants violated this provision as otherwise described in this Complaint.

## COUNT 3: USERRA restoration

72. All previous paragraphs of this complaint are hereby incorporated by reference.

73. Under Federal law, the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4334, provides rights to reemployment and restoration of benefits to members of the armed services returning from duty.

74. Here, Mr. Aycox gave notice of his return from duty in February 2017, and applied to return to work as required by statute. *See* 38 U.S. Code § 4312(e).

75. Mr. Aycox was not "promptly reemployed" under 38 U.S.C. § 4313(a).

76. Mr. Aycox was not reemployed "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service" under 38 U.S.C. § 4313(a)(2)(A).

77. Mr. Aycox has been denied "the additional seniority and rights and benefits that [he] would have attained if [he] had remained continuously employed." 38 U.S.C. §

Page 9 of 12

EXHIBIT B

4316. This includes, inter alia, due process and just cause rights, as well as annual leave.

78. Mr. Aycox has been denied his retirement benefit rights under 38 U.S.C. § 4318.

79. He has been unlawfully treated as "having incurred a break in service with the employer." 4318 (a)(2)(A).

80. His military service has not been "deemed to constitute service with the employer or employers maintaining the plan... for the purpose of determining the accrual of benefits under the plan." 4318 (a)(2)(B).

81. His benefits have not been calculated assuming he received pay increases that were given to others during his leave. 4318(b)(3)(A).

82. Defendants are "liable to [the] employee pension benefit plan for funding any obligation of the plan to provide the benefits described" and has unlawfully failed to "allocate the amount of any employer contribution for the person in the same manner and to the same extent the allocation occurs for other employees during the period of service." 4318(b)(1).

83. These violations are willful, and all consequent damages are subject to doubling under 4323(d)(1)(C) as "liquidated damages."

84. Mr. Aycox is entitled to payment by MDOC of his "reasonable attorney fees, expert witness fees, and other litigation expenses." 4323(h)(2).

## COUNT 4: USERRA discrimination and retaliation

85. All previous paragraphs of this complaint are hereby incorporated by reference.

EXHIBIT B

86. Federal law, 38 U.S.C. § 4311, prohibits discrimination and reprisal against any person who excercises their rights under USERRA.

87. The failure to reemploy - and the subsequent harassment, failure to promote, and other actions described above – were acts of retaliation motivated by Mr. Aycox's protected activity under USERRA.

88. Defendants are liable for these violations of the law.

**COUNT 5: Due Process under the Mississippi Constitution**

89. All previous paragraphs of this complaint are hereby incorporated by reference.

90. As of August 2013, Mississippi's laws and the Mississippi Constitution guaranteed that Mr. Aycox would not be deprived of his job with MDOC without due process of the law and just cause.

91. As such, Mr. Aycox had a property interest in his job under the Mississippi Consitution.

92. It is a violation of the Mississippi Constitution to deprive Mr. Aycox of such property without due process.

93. Defendants have deprived Mr. Aycox of this property without due process in violation of the Mississippi Constitution.

**PRAYER FOR RELIEF**

94. WHEREFORE, Plaintiff requests that this Court award Plaintiff all available equitable and legal relief, including the following:

    a. Declare that the conduct complained of is unlawful and enter an injunction;

EXHIBIT B

b. Require Defendants to post a notice in the workplace that the policies and procedures at issue were found unlawful by this Court;

c. Require Defendants, jointly and severally, to pay Plaintiff wages and benefits owed, and an equal amount in liquidated damages;

d. Award compensatory damages for pain and suffering;

e. Award consequential damages and other pecuniary losses;

f. Award any other relief available at law or equity;

g. Award Plaintiff reasonable attorney's fees and costs of this action;

h. Award Plaintiff interest on damages at the legal rate as appropriate, including pre- and post-judgment interest; and

i. Grant any further relief that the Court deems just and proper.

The foregoing Complaint is respectfully submitted on behalf of Plaintiff by and through counsel:

_____ Date: 2-12-18

Joel F. Dillard, Esq. (MS Bar 104202)
Joel F. Dillard, PA
775 N. Congress St.
Jackson MS 39202
Ph: 601-487-7369
Email: joel@joeldillard.com

EXHIBIT B

## IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSISSIPPI
## DISTRICT EIGHT

Kevin Michael Aycox,

**PLAINTIFF;**

v.

Case No. 18-CV-030-NUMD

Mississippi Department of Corrections,
Christy Gutherz

**DEFENDANTS.**

---

### SUMMONS

**THE STATE OF MISSISSIPPI**

TO: Christy Gutherz, Deputy Commissioner, MDOC
633 North State Street,
Jackson, MS 39202

NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to
Joel F. Dillard, Esq., the attorney for the Plaintiff, whose address is 775 N. Congress St.,
Jackson, MS 39202. Your response must be mailed or delivered within (30) days from
the date of delivery of this summons and complaint or a judgment by default will be
entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this date February 12, 2018

Clerk

Penny Ford, DC

MICHAEL L. BUTLER
Newton County Circuit Clerk

STATE OF MISS., NEWTON CO.,
**CERTIFIED A TRUE COPY**
MAR 15 2018
MICHAEL L. BUTLER, CIRCUIT CLERK
BY Penny Ford D.C.

EXHIBIT B

## PROOF OF SERVICE--SUMMONS

Name of Person or Entity Served: _____

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

PERSONAL SERVICE. I personally delivered copies to _____.on (date) _____, where I found said person(s) in _____ County of the State of _____.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]
Name_____
Social Security No._____
Address_____
Telephone No._____
                                                    Notary
State of _____
County of _____
Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (Signature)
Sworn to and subscribed before me this date:_____

Notary Public
(Seal) My Commission Expires:

EXHIBIT B

# IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSISSIPPI
## DISTRICT EIGHT

**Kevin Michael Aycox,**                                    **PLAINTIFF;**

**v.**                                   Case No. 18-CV-030-NWMD

**Mississippi Department of Corrections,**
**Christy Gutherz**

                                            **DEFENDANTS.**

---

## SUMMONS

**THE STATE OF MISSISSIPPI**
TO: Mississippi Department of Corrections.
c/o Attorney General Jim Hood
550 High St
Jackson, MS 39201

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to
Joel F. Dillard, Esq., the attorney for the Plaintiff, whose address is 775 N. Congress St.,
Jackson, MS 39202. Your response must be mailed or delivered within (30) days from
the date of delivery of this summons and complaint or a judgment by default will be
entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this date February 12, 2018

Clerk

MICHAEL L. BUTLER
Newton County Circuit Clerk

STATE OF MISS., NEWTON CO.
**CERTIFIED A TRUE COPY**

MAR 15 2018

MICHAEL L. BUTLER, CIRCUIT CLERK
BY _____ D.C.

**EXHIBIT B**

PROOF OF SERVICE--SUMMONS

Name of Person or Entity Served: _____

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

PERSONAL SERVICE. I personally delivered copies to _____ on (date) _____, where I found said person(s) in _____ County of the State of _____.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]
Name_____
Social Security No._____
Address_____
Telephone No._____
                                          Notary
State of _____
County of _____
Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (Signature)
Sworn to and subscribed before me this date:_____

Notary Public
(Seal) My Commission Expires:

EXHIBIT B

# IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSISSIPPI
## DISTRICT EIGHT

Kevin Michael Aycox,                             **PLAINTIFF;**

    **v.**                                     **Case No.** 18-CV-030-NWMD

Mississippi Department of Corrections,
Christy Gutherz

                                        **DEFENDANTS.**

---

## SUMMONS

**THE STATE OF MISSISSIPPI**
TO: Christy Gutherz, Deputy Commissioner, MDOC
633 North State Street,
Jackson, MS 39202

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Joel F. Dillard, Esq., the attorney for the Plaintiff, whose address is 775 N. Congress St., Jackson, MS 39202. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this date February 12, 2018

Clerk

*[Circuit Clerk seal: CIRCUIT CLERK / NEWTON COUNTY, MS / MY COMMISSION EXPIRES JANUARY 2, 2020]*

*Penny Ford DC*

F I L E D

MICHAEL L. BUTLER
Newton County Circuit Clerk

MAR 05 2018

TIME: _____
MICHAEL L. BUTLER, CIRCUIT CLERK
BY _____ D.C.

STATE OF MISS., NEWTON CO.
**CERTIFIED A TRUE COPY**

MAR 15 2018

MICHAEL L. BUTLER, CIRCUIT CLERK
BY _____ D.C.

EXHIBIT B

## PROOF OF SERVICE--SUMMONS

Name of Person or Entity Served: _Christy Guthere, undoc_

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

PERSONAL SERVICE. I personally delivered copies to _Kendra Michael_ on (date) _3/2/18_, where I found said person(s) in _Hinds_ County of the State of _Mississippi_.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]
Name _LeKeya Johnson_
Social Security No. _587574482_
Address _5828 E. Sedgwick Court_
Telephone No. _(601) 938-0378_

                                        Notary

State of _____
County of _____
Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_signature_
Process Server (Signature)
Sworn to and subscribed before me this date:_____


Notary Public
(Seal) My Commission Expires:


EXHIBIT B

## IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSISSIPPI
## DISTRICT EIGHT

Kevin Michael Aycox,                                        **PLAINTIFF;**

   v.                                        Case No. 18-CV-030-NWMD

**Mississippi Department of Corrections,**
**Christy Gutherz**

                                                             **DEFENDANTS.**

---

### SUMMONS

**THE STATE OF MISSISSIPPI**
TO: Mississippi Department of Corrections.
c/o Attorney General Jim Hood
550 High St
Jackson, MS 39201

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Joel F. Dillard, Esq., the attorney for the Plaintiff, whose address is 775 N. Congress St., Jackson, MS 39202. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this date February 12, 2018

STATE OF MISS., NEWTON CO.
**CERTIFIED A TRUE COPY**

MAR 15 2018

MICHAEL L. BUTLER, CIRCUIT CLERK
BY _____ D.C.

F I L E D

MAR 05 2018

TIME: _____
MICHAEL L. BUTLER, CIRCUIT CLERK
BY _____ D.C.

MICHAEL L. BUTLER
Newton County Circuit Clerk

**EXHIBIT B**

## PROOF OF SERVICE—SUMMONS

Name of Person or Entity Served: MDOC C/O Jim Hood

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

PERSONAL SERVICE. I personally delivered copies to _Michael Lanford_ on (date) _3/2/18_, where I found said person(s) in _Hinds_ County of the State of _Mississippi_.

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]
Name LeKeyia Johnson
Social Security No. 587574482
Address 5828 E. Sedgwick Court
Telephone No. (601)938-0378

Notary

State of _____
County of _____
Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

Process Server (Signature)
Sworn to and subscribed before me this date:_____

Notary Public
(Seal) My Commission Expires:

EXHIBIT B